USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/03/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BRACH FAMILY FOUNDATION, INC.,  :
:  16-CV-740 (JMF)
Plaintiff,  :
:  MEMORANDUM
-v-  :  OPINION AND ORDER
:
AXA EQUITABLE LIFE INSURANCE COMPANY,  :
:
Defendant.  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this putative class action, familiarity with which is presumed, the Brach Family Foundation, Inc. (the "Brach Foundation") alleges that, by increasing the cost of insurance ("COI") for a group of life insurance policyholders, Defendant AXA Equitable Life Insurance Company ("AXA") breached the terms of the policies at issue and made material misrepresentations in violation of Section 4226 of the New York Insurance Law. (Docket No. 71 ("SAC") ¶ 1). In an Opinion and Order entered on December 19, 2016, the Court denied AXA's motion to dismiss Plaintiff's contract claim, but granted AXA's motion to dismiss the Section 4226 claim on the ground that the claim sounded in fraud and failed to meet the heightened pleading standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure. (Docket No. 63 ("Opinion"), at 10). The Section 4226 claim fell short, the Court explained, "for one simple reason: Although the Complaint allege[d] that AXA issued and circulated false or misleading illustrations and annual statements and filed false or misleading interrogatories with its regulators, it fail[ed] to identify any *specific* illustration, annual statement, or interrogatory." (*Id.* at 9 (internal quotation marks and citations omitted)). On January 27, 2017, with the Court's

leave, the Brach Foundation filed an amended complaint — the Second Amended Complaint or SAC — to remedy that defect.[1]  AXA now moves to dismiss the amended Section 4226 claim.

Upon due consideration of the parties' submissions, AXA's motion is denied.  In stark contrast to the earlier Complaint, the SAC alleges that AXA disseminated "twenty false and misleading illustrations, and nine false and misleading interrogatories," and describes them at length.  (Docket No. 86 ("Pl.'s Mem.") 6; *see* SAC ¶¶ 78-80, 83; *see also* Docket No. 64 ("Original SAC"), at Exs. A-D).  Indeed, the SAC provides ample detail as to the timing and nature of the allegedly fraudulent materials in question and also explains in depth their alleged import.  For instance, it details the mechanics of the "bait-and-switch" at the heart of AXA's alleged fraud; granularly describes how and when AXA disseminated allegedly misleading materials to the Brach Foundation (and to its predecessor in interest); explains why those materials were misleading; and specifies the dates and contents of the illustrations and interrogatories in which AXA allegedly "misrepresented the benefits and advantages of [the relevant] policies."  (SAC ¶¶ 73, 78-84).  These allegations are more than enough to distinguish the SAC from complaints that this Court and other courts have found wanting under Rule 9(b).  *See, e.g.*, *Sanchez v. ASA Coll., Inc.*, No. 14-CV-5006 (JMF), 2015 WL 3540836, at *11 (S.D.N.Y. June 5, 2015) (dismissing a claim under Rule 9(b) where the complaint included "a few examples of various marketing materials containing" false or misleading statements, but

---

[1]  The SAC remedied one other defect in the earlier complaint.  In the December 19, 2016 Opinion, the Court noted that the allegations in the then-operative Complaint were "arguably insufficient to establish that this Court has subject-matter jurisdiction" pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the Brach Foundation failed to identify class members to support the allegation of diversity between any class member and any defendant.  (Opinion 11 n.5; *see* Docket No. 28 ("FAC") ¶ 12).  The SAC properly alleges diversity between AXA and some class members, and seeks aggregate damages in excess of $5,000,000 (SAC ¶ 12), thereby meeting the requirements for subject-matter jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d).

included "virtually no details as to when and where those materials were disseminated" and "no specific information about when" certain mandatory "regular reports . . . were sent" by the defendant to its accreditor); *United States v. All Right, Title & Interest in Real Prop. & Appurtenances Thereto Known as 35-37 E. Broadway, N.Y., N.Y. 10002 Listed as Block 280, Lot 42 in Office of Cnty. Clerk & Register of N.Y. Cnty., N.Y.*, No. 12-CV-4034 (HB), 2013 WL 4006073, at *6 (S.D.N.Y. Aug. 6, 2013) (holding that allegations that fraudulent representations occurred "[d]uring or about the summer of 2008" were insufficient under Rule 9(b)); *see also DeFazio v. Wallis*, 500 F. Supp. 2d 197, 206 (E.D.N.Y. 2007) (finding that the plaintiff's allegations of fraudulent mailings failed to satisfy Rule 9(b) because they did "not explain what the [fraudulent] forms [were]; what information they contained; when the documents were mailed; or who sent them").

AXA offers a number of other arguments in support of its motion to dismiss the Section 4226 claim, but the Court declines to reach them here for either of two reasons. First, several of AXA's arguments — that the Brach Foundation cannot pursue a Section 4226 claim with respect to illustrations that it did not view (Docket No. 75 ("Def. Mem."), at 11-14), or with respect to the interrogatories it submitted to regulators (*id.* at 21-25), and that there is no private right of action under New York State Insurance Department Regulation 74 (*id.* at 17-18) — would not affect the bottom line. That is, even if those arguments are correct, the Brach Foundation's Section 4226 claim would survive at least as to the two illustrations that the SAC alleges it reviewed prior to acquiring the policy at issue. (*See* Docket No. 86 ("Brach Found. Mem."), at 4-5; SAC ¶ 80). Accordingly, the Court reserves judgment on that set of arguments for another day. Second, AXA presses a number of arguments that the Court considered and rejected in its December 19, 2016 Opinion. These include AXA's arguments that the Brach Foundation lacks standing to bring a Section 4226 claim (*compare* Def. Mem. 10-14, 24 n.44, *with* Opinion 7-8); that the Brach Foundation "was not injured or 'aggrieved' within the meaning of Section

3

4226(d)" (*compare* Def. Mem. 11, *with* Opinion 8-9); and that the Brach Foundation fails to allege anything "false or misleading in *any* of the twenty illustrations," (*compare* Def. Mem. 15 (emphasis in original), *with* Opinion 9). Having addressed these and other arguments already (*see* Opinion 7-9; *see also id.* at 10 n.4 ("To the extent that AXA makes other Rule 9(b) arguments . . . the Court finds them to be without merit."), the Court will not do so again here.

That leaves one final issue: AXA's request to keep under seal two exhibits filed by the Brach Foundation in support of its opposition to the motion to dismiss (specifically, Exhibits B and E to the Declaration of Seth Ard (Docket No. 87 (the "Ard Declaration"))), and to redact references to those exhibits in the parties' other submissions. (Docket No. 96-1 ("AXA Add.")). AXA's request is well founded. As a threshold matter, it is not even clear that the two exhibits at issue qualify as "judicial documents" to which a presumption of public access would attach, as they were not referenced in the SAC and thus were beyond the scope of what the Court could properly consider in evaluating AXA's motion to dismiss. *See, e.g.*, *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07-CV-10470, 2013 WL 3531600, at *2 (S.D.N.Y. July 12, 2013) ("[D]ocuments attached to a motion to dismiss under Rule 12(b)(6) are not 'judicial documents' if they may not be properly considered by the court in resolving the motion."). In any event, any presumption in favor of public access would be overcome here, as the Court did not consider materials at issue in deciding AXA's motion and the exhibits "are highly sensitive documents that discuss proprietary actuarial assumptions, processes, methodologies, and judgments that continue to inform or reflect AXA's current mortality assumptions." (AXA Add. 1). Those considerations are sufficient to keep the exhibits and any references to the exhibits under seal. *See, e.g.*, *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (keeping under seal a client list that "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff"); *Playtex Prod., LLC v.*

4

*Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (authorizing the redaction of "highly proprietary material").

For the reasons stated above, AXA's partial motion to dismiss is DENIED, but its request to keep under seal Exhibits B and E to the Ard Declaration is GRANTED. To the extent they have not done so already, the parties shall promptly file (1) with the Sealed Records Department Exhibits B and E to the Ard Declaration and unredacted versions of any documents referencing them and (2) on ECF any other materials that are not already on the docket in unredacted form. The Clerk of Court is directed to terminate Docket No. 74.

    SO ORDERED.

Dated: November 3, 2017
       New York, New York

                                    JESSE M. FURMAN
                                    United States District Judge