USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/09/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
BRACH FAMILY FOUNDATION, INC.,     :
          :
         Plaintiff,     :     16-CV-740 (JMF)
          :
       -v-     :     MEMORANDUM OPINION
          :     AND ORDER
AXA EQUITABLE LIFE INSURANCE COMPANY,   :
          :
         Defendants.     :
          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this putative class action, familiarity with which is assumed, the Brach Family Foundation ("Brach") brings claims against AXA Equitable Life Insurance Company ("AXA") based on AXA's increases in the cost of insurance ("COI") for certain flexible-premium universal life insurance policies. Brach now moves for leave to file an amended complaint, seeking to add two new Plaintiffs — Allen Dyer, as trustee of the Currie Children Trust, and Malcolm Currie (together, the "Currie Plaintiffs") — as well as new claims under (1) New York General Business Law Section 349 on behalf of all Plaintiffs; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 e*t seq.*, on behalf of the Currie Plaintiffs; and (3) California's Elder Abuse Law, Cal. Welfare & Insts. Code §§ 15610 *et seq.*, also on behalf of the Currie Plaintiffs. (*See* Docket No. 151 ("Pl.'s Mem."), at 1).[1] AXA raises

---

[1]     In its motion, Brach also sought leave to add claims for violation of the implied covenant of good faith and fair dealing under California law. (Pl.'s Mem. 1, 6-7, 9). Following the Court's dismissal of identical claims in the related case of *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, No. 17-CV-4767 (JMF), 2018 WL 904238 (S.D.N.Y. Feb. 14, 2018), however, Brach withdrew that request. (Docket No. 171). In addition, in its reply memorandum of law, Brach agreed "not to include a breach of contract claim on behalf of Mr.

no objection with respect to adding Dyer to an existing breach-of-contract claim, but otherwise opposes the motion. (*See* Docket No. 158 ("Def.'s Opp'n"), at 1, 3).

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P 15(a)(2). Applying that standard, the Second Circuit "has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). The party opposing a motion to amend bears the burden of establishing that amendment would be futile. *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.,* No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013). An amendment is not "futile" if it could withstand a motion to dismiss under Rule 12(b)(6). *See, e.g., Anderson News, L.L.C. v. Am. Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012). Put differently, a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).[2]

---

Currie." (Docket No. 163 ("Pl.'s Reply"), at 3). Accordingly, the Court need not and does not address those issues here.

[2] AXA argues that Brach must also meet the "good cause" standard set forth in Rule 16(b)(4). (Def.'s Opp'n 2-3). The Court disagrees, as Brach filed its motion by the deadline for amended pleadings set by the Court. (*See* Docket Nos. 128, 153). AXA's argument to the contrary rests on the Court's orders granting Brach leave to amend to address issues raised by motions to dismiss. (Docket Nos. 21, 63). Those orders, however, did not purport to set a general deadline for amendment of the pleadings. Thus, the more liberal Rule 15 standard applies.

## DISCUSSION

Applying the foregoing standards here, the Court concludes that Brach's motion should be granted in part and denied in part. The Court will address each set of disputed claims in turn.

### A. New York Insurance Law Section 4226

First, AXA argues that Brach's motion to add claims on behalf of the Currie Plaintiffs under Section 4226 of the New York Insurance Law should be denied. (Def.'s Opp'n 17-18). Specific to the Currie Plaintiffs, AXA contends that Section 4226 does not apply to "non-New York policyholders." (Def.'s Opp'n 17). The Court, however, previously rejected that precise argument in *Yale v. AXA Equitable Life Ins. Co.*, No. 14-CV-2904 (JMF) (S.D.N.Y. Nov. 12, 2014) (Docket No. 55, at 6-7), and, conclusory assertions (and aspersions) aside, AXA presents no compelling reason to revisit or distinguish that ruling. More generally, AXA contends that the Currie Plaintiffs' proposed Section 4226 claims are "legally insufficient" for reasons that it pressed unsuccessfully in an earlier motion to dismiss. (Def.'s Opp'n 17 (citing Docket Nos. 75, 96); *see* Docket No. 135 (denying AXA's motion to dismiss)). Those arguments, however, are the subject of a pending motion for reconsideration and will be addressed in that posture in due course. Accordingly, the motion to add Section 4226 claims on behalf of the Currie Plaintiffs is granted, albeit subject to the Court's later ruling on AXA's motion for reconsideration.

### B. New York General Business Law Section 349

Next, Brach seeks to add claims on behalf of all Plaintiffs under New York General Business Law Section 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." AXA opposes the motion on grounds of both undue delay and futility. (Def.'s Opp'n 4-11). Neither basis, however, supports denial of leave to amend as to all Plaintiffs. With respect to the former, "mere

delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608 (PKC) (JCF), 2014 WL 113728, at *2 (S.D.N.Y. Jan. 13, 2014) (internal quotation marks, brackets, and ellipsis omitted). And here, AXA fails to show either bad faith or undue prejudice, as Brach had colorable (albeit not entirely persuasive) reasons to wait before asserting Section 349 claims, (Pl.'s Reply 5), AXA is facing analogous claims elsewhere, *see Hobish v. AXA Equitable Life Ins. Co.*, Index No. 650315/2017 (N.Y. Sup. Ct.), and the claims arise from the same basic facts as Brach's existing claims. As for futility, drawing all inferences in favor of Plaintiffs, the Court cannot say as a matter of law that the illustrations at issue were not deceptive within the meaning of the statute. *See In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622, 644-45 (E.D. Pa. 2017) (denying a motion to dismiss a similar Section 349 claim); *Gaidon v. Guardian Life Ins. Co.*, 725 N.E.2d 598, 603-06 (N.Y. 1999) (finding that the plaintiffs had adequately alleged a Section 349 violation based on similar illustrations).

That said, AXA's objections to the addition of Section 349 claims on behalf of the Currie Plaintiffs are well taken. As the New York Court of Appeals has held, "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002). Like the plaintiffs in *Goshen*, the Currie Plaintiffs — residents of California who allege receiving deceptive illustrations in California in connection with a policy that they purchased in California — fail to satisfy that requirement. (Pl.'s Mem. Ex. A ("PTAC"), ¶¶ 11, 84-85, 97-99). In arguing otherwise, Plaintiffs note their allegation that "AXA marketed and sold the policies to the public at large in New York." (Pl.'s Reply 6 (citing PTAC ¶ 102)). But *Goshen* teaches that such allegations are insufficient. *See* 774 N.E.2d at 1195-96 (holding that the in-state "origin of any advertising or promotional

4

conduct is irrelevant if the deception itself" occurred out of state and that merely "'hatching a scheme' or originating a marketing campaign in New York" is not actionable under the statute). Plaintiffs also invoke *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013), which recognized "a split of authority" among New York courts following *Goshen*, *id.* at 122, and concluded that it may suffice for a plaintiff to allege that "some part of the underlying transaction occurred in New York State," *id.* at 124 (internal quotation marks, brackets, and ellipsis omitted). (Pl.'s Reply 6-7). But even under the more forgiving standard, the Currie Plaintiffs' claims would fall short, as they do not allege that *any* part of their transaction with AXA occurred in New York.

In short, the Court grants the motion for leave to amend to add claims under Section 349 as to Brach, but denies the motion as to the Currie Plaintiffs.

## C.  California UCL and Elder Abuse Law

Finally, Brach seeks to add claims on behalf of the Currie Plaintiffs under California's UCL and Elder Abuse law. AXA's sole arguments in opposition relate to futility, (Def.'s Mem. 12-17), but — drawing all inferences in favor of Plaintiffs — they are insufficient to carry the day at this stage of the proceedings. *See In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d at 645-48 (permitting similar UCL and Elder Abuse claims to proceed). First, even if the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure apply, (*see* Def.'s Mem. 12 (citing cases)), the proposed amended complaint adequately alleges at least some allegedly fraudulent communications upon which the Currie Plaintiffs relied. (PTAC ¶¶ 108-21). For example, the Currie Plaintiffs identify a September 28, 2006 communication that, they allege, "was deliberately misleading, unfair, dishonest and deceptive" in particular ways and explicitly allege that, "[b]ut for" that communication," they "would not have bought the policy at all, or at

5

least would have paid much less for the policy." (*Id.* ¶ 110). Second, while the Currie Plaintiffs undoubtedly could have been more explicit in alleging that they lack an adequate remedy at law, the proposed amended complaint does plead that damages alone would be insufficient relief. (*Id.* ¶ 113 (alleging that the COI increase targets "a group that would be unable to replace their policies due to their age")). Finally, the Court is unpersuaded by AXA's argument that California's Illustration Statute, Cal. Ins. Code § 10509.961, cannot serve as a predicate for the Currie Plaintiffs' UCL claim because there is no private right of action. (Def.'s Mem. 15-16). Indeed, the very case upon which AXA relies, *Zhang v. Superior Court*, 304 P.3d 163 (Cal. 2013), held that "to bar a UCL action, another statute must absolutely preclude private causes of action or clearly permit defendant's conduct." *Id.* at 174. The Illustration Statute does neither. *See Walker v. Life Ins. Co. of the Sw.*, 681 F. App'x 599, 601 (9th Cir. 2017) (unpublished), *as amended on denial of reh'g* (May 5, 2017) (holding that "private UCL claims are barred only when the underlying statute either actually bars private rights of action or provides a 'safe harbor' that renders the alleged conduct lawful" and that "[t]he Illustration statute contains no safe harbor, nor does it contain any bar to all private rights of action"). Accordingly, the motion for leave to amend is granted to the extent it seeks to add claims on behalf of the Currie Plaintiffs under the California UCL and Elder Abuse Law.

## CONCLUSION

The Court has considered AXA's remaining arguments — including its half-hearted general arguments concerning prejudice, (*see* Def.'s Opp'n 18-19) — and finds them to be without merit. *See, e.g.*, *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (holding that "complaints of the time, effort and money . . . expended in litigating [a] matter, *without more*," cannot "constitute prejudice sufficient to warrant denial of leave to amend" (first alteration in

6

original) (emphasis added)). Accordingly, and for the reasons stated above, Brach's motion for leave to amend is GRANTED in part and DENIED in part. Brach shall file its Third Amended Complaint, consistent with this Memorandum Opinion and Order, within seven days. (Docket No. 155). The Clerk of Court is directed to terminate Docket No. 150.

SO ORDERED.

Dated: March 9, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge