

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Lawrence H. Cooke II
**T 212.983.3362**
**F 212.307.5598**
LHCooke@venable.com

December 18, 2018

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re: *In re: AXA Equitable Ins. Co. COI Litigation*, **No. 16-cv-740 (JMF)**

Dear Judge Furman:

    Venable LLP ("Venable") represents non-party PricewaterhouseCoopers LLP ("PwC") in connection with PwC's response to a document subpoena served by the *Brach* Plaintiffs in the above-referenced case.  PwC opposes the Brach Plaintiffs' December 13, 2018 pre-motion letter request to move to compel additional production by PwC and joins in the letter response that is being filed contemporaneously by Defendant AXA Equitable Life Insurance Company ("AXA").  In addition to the AXA Defendant's opposition, I write to provide the Court with additional and important context relevant to this issue.

    This dispute relates exclusively to documents that are not responsive to the Brach Plaintiff's January 10, 2018 subpoena (the "Subpoena") that propounded eleven requests for production, many with multiple sub-parts.  A copy of the Subpoena is attached hereto as Exhibit A.  The Subpoena sought, among other things, "[a]ll documents" pertaining to a host of topics relevant to universal life insurance and, more specifically, the insurance policies at issue in this case.  Ultimately, PwC agreed to produce—and did produce—non-privileged documents that were responsive to the Subpoena and that concerned the life insurance policy at issue in this litigation.  Indeed, non-party PwC produced at least 1,100 documents without redaction, including, at the *Brach* Plaintiffs' insistence, documents dated after the above-referenced litigation began even though AXA did not produce such documents.  And, as it has in previous cases, PwC removed non-responsive documents and indicated that removal by inserting "slip-sheets" where the non-responsive document was an attachment to a responsive "parent" email and/or another attachment in a document "family" was responsive to the *Brach* Plaintiffs' broad requests.  Slip-sheeting thus allowed PwC to produce responsive documents while shielding from disclosure confidential and non-responsive information which PwC is obligated to protect.



Hon. Jesse M. Furman
December 18, 2018
Page 2

This dispute arose in or around early October 2018 when the *Brach* Plaintiffs demanded that PwC reproduce slip-sheeted non-responsive documents. After an initial conversation, Venable informed the *Brach* Plaintiffs' counsel that slip-sheets were used in PwC's production only where a non-responsive document concerning either another PwC client or a product of no relevance to this litigation was combined with a family of otherwise responsive documents. PwC proposed that the *Brach* Plaintiffs identify specific documents of concern and allow PwC's counsel to explain the basis for slip-sheeting such documents. PwC received no response to that specific proposal; instead, after the parties traded voicemails, the *Brach* Plaintiffs' counsel suddenly insisted that PwC immediately respond to the *Brach* Plaintiffs' demands by claiming (falsely) that PwC had not been responsive to the *Brach* Plaintiffs' demands. *See* October 12, 2018 X. Strohbehn Email to H. Josephs, attached hereto as Exhibit B; *see also* October 12, 2018 X. Strohbehn Email to R. Nath, attached hereto as Exhibit C; November 27, 2018 L. Cooke Email to S. Ard, attached hereto as Exhibit D. At the same time, the *Brach* Plaintiffs purported to impose a unilateral deadline for PwC to produce a redaction log—a log PwC had previously suggested it would consider and would have been willing to produce on a reasonable timeline. In any event, rather than seeking solutions, the *Brach* Plaintiffs simply continued to demand that PwC produce all documents—regardless of responsiveness or PwC's obligations to its non-party clients—without slip-sheets. In making these demands and suddenly escalating the matter, the *Brach* Plaintiffs failed to consider in good faith PwC's proposed resolutions.

The *Brach* Plaintiffs' demand that the Court order PwC to produce these non-responsive documents makes little sense and will not yield documents relevant to its claims, which, as AXA rightly notes, is all that the *Brach* Plaintiffs are entitled to under Rule 26 of the Federal Rules of Civil Procedure. For example, PwC slip-sheeted non-responsive documents pertaining to AXA affiliates that are also PwC clients. *See* PwC004777 (attached in slip-sheeted form as Exhibit E, with the native form available for in camera submission); PwC09457 (attached in slip-sheeted form as Exhibit F, with the native form available for in camera submission); PwC009432 (attached in slip-sheeted form as Exhibit G, with the native form available for in camera submission). As the Court will see, none of these documents pertain to this litigation and none are necessary for the *Brach* Plaintiffs to advance their case.

The issue before the Court could have been resolved—in a way that allows PwC to satisfy its confidentiality obligations—<u>without the Court's intervention</u> weeks or months ago had the *Brach* Plaintiffs been interested in resolving it. Unfortunately, that was not the case. For the foregoing reasons and the reasons set forth in AXA's letter response, PwC requests that the Court deny the *Brach* Plaintiffs' pre-motion request to move to compel PwC's production of non-responsive documents and deny any subsequent motion to compel.

**VENABLE** LLP

Hon. Jesse M. Furman
December 18, 2018
Page 3

* * * * *

        Sincerely,

        <u>/s/ Lawrence H. Cooke II</u>
        Lawrence H. Cooke II

        *Counsel for non-party PricewaterhouseCoopers LLP*