UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                             :

IN RE:                        :

                             :           16-CV-740 (JMF)

AXA EQUITABLE LIFE INSURANCE COMPANY  :

COI LITIGATION                  :         MEMORANDUM

                             :     OPINION AND ORDER

*This Document Relates to LSH CO v. AXA Equitable Life* :

*Insurance Company,* No. 18-CV-2111 (JMF).      :

                             :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs LSH CO and LSH II CO (together, "LSH") and Wells Fargo Bank, National

Association ("Wells Fargo"), solely in its capacity as securities intermediary for LSH, bring

claims against AXA Equitable Life Insurance Company ("AXA") relating to AXA's increase of

Cost of Insurance ("COI") for certain flexible-premium universal life insurance policies.  The

case is not the only of its kind.  To the contrary, the Court is presiding over five related cases,

and has issued any number of prior opinions addressing COI-related claims against AXA,

familiarity with which is assumed.  *See, e.g.*, *Croft v. AXA Equitable Life Ins. Co.*, No. 17-CV-

9355 (JMF), 2018 WL 4007646 (S.D.N.Y. Aug. 22, 2018); *In re AXA Equitable Life Ins. Co.*

*COI Litig.*, No. 16-CV-740 (JMF), 2018 WL 3632500 (S.D.N.Y. July 30, 2018); *Brach Family*

*Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2018 WL 1274238

(S.D.N.Y. Mar. 9, 2018); *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F.

Supp. 3d 89 (S.D.N.Y. 2018); *Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-

CV-740 (JMF), 2017 WL 5151357 (S.D.N.Y. Nov. 3, 2017), *reconsideration denied sub nom. In*

*re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2018 WL 3632500 (S.D.N.Y.

July 30, 2018); *Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740

(JMF), 2016 WL 7351675 (S.D.N.Y. Dec. 19, 2016).  AXA now moves, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, for partial dismissal of Plaintiffs' claims.  *See*

Docket No. 65.[1]  Specifically, AXA moves to dismiss Plaintiffs' common-law fraud claims

(brought under the law of fifteen jurisdictions) as well as claims under the consumer-protection

laws of Colorado, Illinois, and Minnesota.  *See* Docket No. 66 ("AXA Mem."), at 7-25.  Upon

review of the parties' motion papers, and the Court's prior opinions in the other AXA COI cases,

AXA's motion is granted in part and denied in part.

First, Plaintiffs' fraud claims under Alabama and Pennsylvania law and their claims

under the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq*.

("MCFA"), are time barred.  Notably, Plaintiffs did not even respond to AXA's arguments with

respect to the Alabama and Pennsylvania claims, and thus have abandoned those claims.  *See,*

*e.g.*, *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 354 (E.D.N.Y. 2013) ("A court may,

and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's

arguments that the claim should be dismissed." (citing cases) (internal quotation marks omitted)).

But in any event, such claims had to be brought within two years of discovery, *see, e.g.*, *Ishler v.*

*Comm'r*, 442 F. Supp. 2d 1189, 1211 (N.D. Ala. 2006); 42 Pa. Cons. Stat. § 5524(7); *Hallowell*

*v. Lucente*, No. 90-6015, 1991 WL 439226, at *3 (Pa. Ct. Com. Pl. Oct. 29, 1991), and Plaintiffs

concededly failed to do so, *see, e.g.*, Docket No. 58 ("Second Amended Complaint," or "SAC")

¶ 97 (alleging that the alleged fraud could have been discovered through the exercise of

reasonable diligence in October 2015); *see also Hallowell*, 1991 WL 439226, at *3.  Meanwhile,

Plaintiffs' sole argument for why the MCFA claim is not barred by the six-year statute of

limitations rests on the doctrine of fraudulent concealment.  *See* Docket No. 88 ("Pls.' Mem."),

---

[1]     Unless otherwise indicated, all citations to docket entries reference No. 18-CV-2111.

at 24-25.  But "the law requires a party asserting fraudulent concealment to plead an affirmative

act or statement in furtherance of the fraud," as distinct from "mere silence."  *Thunander v.*

*Uponor, Inc.*, 887 F. Supp. 2d 850, 867-68 (D. Minn. 2012).  And, conclusory assertions aside,

Plaintiffs do not plausibly allege any affirmative "concealment" apart from the alleged

underlying fraud itself.  *See id.* at 868 (rejecting fraudulent concealment/equitable tolling claim

where the plaintiffs "appear[ed] to rely on the same allegations in their claims alleging fraud as

in their fraudulent concealment claim").  Thus, Plaintiffs' claims under the MCFA and their

common-law claims under Alabama and Pennsylvania law are dismissed as time barred.  *See,*

*e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (holding

that a "statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense

appears on the face of the complaint").

AXA's motion to dismiss Plaintiffs' common-law fraud claims is otherwise denied.

AXA's most forceful argument for dismissal of those claims rests on the heightened-pleading

requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *See* AXA Mem. 15-17.

Whether Plaintiffs' Complaint satisfies Rule 9(b) is admittedly a close call, but substantially for

the reasons stated in the Court's opinion of November 3, 2017, which concerned similar claims

and a similar pleading, *see* AXA Mem. 16 n.19 (acknowledging that the allegations here

"echo[]" the allegations in the complaint at issue in the Court's November 3, 2017 decision), the

Court concludes that dismissal is unwarranted.  *See Brach Family Found.*, 2017 WL 5151357, at

*1 ("[T]he SAC provides ample detail as to the timing and nature of the allegedly fraudulent

materials in question and also explains in depth their alleged import.  For instance, it details the

mechanics of the 'bait-and-switch' at the heart of AXA's alleged fraud; granularly describes how

and when AXA disseminated allegedly misleading materials to the Brach Foundation (and to its

predecessor in interest); explains why those materials were misleading; and specifies the dates

and contents of the illustrations and interrogatories in which AXA allegedly 'misrepresented the

benefits and advantages of [the relevant] policies.'  These allegations are more than enough to

distinguish the SAC from complaints that this Court and other courts have found wanting under

Rule 9(b)." (citation omitted) (citing cases)); *see also In re AXA Equitable Life Ins. Co. COI*

*Litig.*, 2018 WL 3632500, at \*3 (reaffirming that conclusion on a motion for reconsideration).[2]

AXA's other arguments for dismissal of the common-law fraud claims — that Plaintiffs fail to

plead reasonable reliance; that Plaintiffs are sophisticated parties; that Plaintiffs had no reason to

expect AXA's illustrations to reflect plans to increase rates; and that Plaintiffs' claims are

partially preempted by their contract claims, *see* AXA Mem. 8-15 — are not entirely without

their own force.  But they either would not dispose of Plaintiffs' fraud claims in their entirety

(the preemption argument) or they turn on factual issues (the reliance, sophisticated-parties, and

policyholder-expectations arguments).  Accordingly, and given the state of the litigation more

broadly, they are better addressed on summary judgment or at trial.

That leaves Plaintiffs' claims under the Colorado Consumer Protection Act, Colo. Rev.

Stat. §§ 6-1-101–6-1-115 ("CCPA"), and the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 Ill. Comp. Stat. 505/1-505/12 ("ICFA"), which Plaintiffs bring as assignees of

the original policyholders.  *See* Docket No. 88 ("Pls.' Mem."), at 2, 18.  Those claims fail

because the operative Complaint does not identify any of the allegedly fraudulent sales

---

[2]     AXA argues that the common-law fraud claims here are "different from" the claim at issue in the Court's earlier decision — under Section 4226 of the New York Insurance Law — because "*intent* to deceive (as distinct from *knowledge* of falsity or 'scienter')" is required to establish fraud.  AXA Mem. 7 n.6.  That may be so, but it is not enough to distinguish the two sets of claims at this stage of the litigation.  That is, Plaintiffs' allegations of knowledge, combined with allegations of motive and opportunity to commit the purported fraud, suffice. AXA's arguments to the contrary turn on issues of fact beyond the scope of the present motion.

illustrations provided to the original policyholders upon which the claims are based; instead, it

identifies only later, in-force illustrations upon which *Plaintiffs* allegedly relied.  *See* SAC ¶¶ 68-

70.  Rule 9(b), which concededly applies to those claims, *see* Pls.' Mem. 14-17, requires more.

*See, e.g.*, *Brach Family Found.*, 2016 WL 7351675, at \*5 ("The Brach Foundation's Section

4226 claim fails to satisfy Rule 9(b) for one simple reason: Although the Complaint alleges that

AXA issued and circulated false or misleading 'illustrations and annual statements' and filed

false or misleading 'interrogatories' with its regulators, it fails to identify any *specific*

illustration, annual statement, or interrogatory.  Rule 9(b) requires more." (citation omitted)).[3]

Accordingly, Plaintiffs' claims under the CCPA and the ICFA are dismissed.[4]

In short, AXA's motion to dismiss is GRANTED with respect to Plaintiffs' common-law

fraud claims under the laws of Alabama and Pennsylvania and their claims under the CCPA, the

ICFA, and the MCFA, and otherwise DENIED.  Under other circumstances, the Court might

well have granted Plaintiffs leave to amend to address the defects in the CCPA, the ICFA, and

the MCFA claims, *see, e.g.*, *Brach Family Found.*, 2016 WL 7351675, at \*5 ("[W]here a

complaint is deficient under Rule 9(b), leave to amend is usually afforded." (internal quotation

marks and brackets omitted)), but the Court declines to do so here for several reasons.  First,

Plaintiffs were granted leave to amend (and did amend) in response to AXA's arguments once

before already and were explicitly cautioned that they would "not be given any further

---

[3]     As Plaintiffs note, the Rule 9(b) particularity standard is "relaxed where the allegations concern facts peculiarly within the opposing party's knowledge."  Pls.' Mem. 17 (internal quotation marks omitted).  But the illustrations upon which Plaintiffs' predecessors-in-interest relied when purchasing the policies at issue are not facts peculiarly within AXA's knowledge. Nor does this Court's decision in *United States v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 593, 615 (S.D.N.Y. 2013), provide Plaintiffs with refuge.  This case does not involve thousands of transactions "over a long period of time."  *Id.* at 616.

[4]     If it were not time barred, Plaintiffs' MCFA claim would fail for this reason as well.

opportunity to amend the complaint to address issues raised by the motion to dismiss." Docket No. 52. Second, when drafting the Second Amended Complaint, Plaintiffs had the benefit not only of AXA's initial motion to dismiss, but also of this Court's prior rulings in the related cases. And finally, Plaintiffs have "not requested permission to file a[n amended complaint], nor [have they] given any indication that [they are] in possession of facts that would cure the problems" identified. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); *see, e.g.*, *Ritchie Capital Mgmt., L.L.C. v. Gen. Elec. Capital Corp.*, 821 F.3d 349, 351-52 (per curiam) (2d Cir. 2016) (holding that it was not an abuse of discretion to deny the plaintiff an opportunity to amend its complaint where it "did not ask the district court for leave to amend").

The Clerk of Court is directed to terminate 18-CV-2111, Docket No. 65.


SO ORDERED.

Dated: March 27, 2019
      New York, New York
                                   JESSE M. FURMAN
                             United States District Judge