```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
IN RE:                                                  :
                                                        :
AXA EQUITABLE LIFE INSURANCE COMPANY                    :        16-CV-740 (JMF)
COI LITIGATION                                          :
                                                        :        ORDER
This Document Relates to All Actions                    :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Discovery in these cases is now over. In light of the parties' agreement that there is no need to hold the conference on January 7, 2020, pending the Court's decision on the class certification motion, *see* ECF No. 389 ("Joint Letter"), at 1, the conference is adjourned *sine die*.

As for the structure of summary judgment briefing, given that both sides' proposals entail at least two sets of briefs, the Court is inclined to adopt a modified version of Plaintiffs' proposals in recognition of the fact that they are the masters of their respective claims and the fact that the Opt-Out Plaintiffs are not members of the Class or represented by Class Counsel. That said, because both sides intend to move for summary judgment, the parties' proposals would seem to entail four sets of briefs (and twelve briefs total), not two sets (and six briefs total) — which seems unnecessary and unduly burdensome on the parties and the Court. Accordingly, the Court would be inclined to have two sets of briefs — one set relating to the Class Plaintiffs' claims and a consolidated set of briefs relating to the Opt-Out Plaintiffs' claims — with motions (by AXA in the first instance) and oppositions/cross-motions (by each set of Plaintiffs), resulting in eight briefs total. More specifically, the Court would be inclined to adopt the following structure and schedule for summary judgment briefing:

| BRIEFS | DEADLINE | PAGE LIMIT |
|---|---|---|
| AXA's Motion for Summary Judgment as to Class Plaintiffs' Claims | 45 days after the later of (1) the Court's decision on Plaintiffs' motion for class certification or (2) the conclusion of the opt-out period if the Court certifies a class action | 50 pages |
| AXA's Motion for Summary Judgment as to all Opt-Out Plaintiffs' Claims | 45 days after the later of (1) the Court's decision on Plaintiffs' motion for class certification or (2) the conclusion of the opt-out period if the Court certifies a class action | 50 pages |
| Class Plaintiffs' Opposition to AXA's motion and Cross-Motion for Summary Judgment (supported by a consolidated memorandum of law) | 60 days after AXA's motion is filed | 50 pages |
| Opt-Out Plaintiffs' Consolidated Opposition to AXA's motion and Cross-Motion for Summary Judgment (supported by a consolidated memorandum of law) | 60 days after AXA's motion is filed | 60 pages |
| AXA's Opposition to Class Plaintiffs' Cross-Motion and Reply in Support of AXA's Motion | 60 days after Class Plaintiffs' Opposition and Cross-Motion | 35 pages |
| AXA's Opposition to Opt-In Plaintiffs' Cross-Motion and Reply in Support of AXA's Motion | 60 days after Opt-In Plaintiffs' Opposition and Cross-Motion | 40 pages |
| Class Plaintiffs' Reply in Support of Their Cross-Motion | 30 days after AXA's Opposition | 20 pages |
| Opt-Out Plaintiffs' Reply in Support of Their Cross-Motion | 30 days after AXA's Opposition | 25 pages |

The Court reserves judgment on the structure and schedule of briefing for any *Daubert* motions as it is plain from the parties' joint letter that further meeting and conferring is warranted. *See, e.g.*, Joint Letter 10 ("Opt-Out Plaintiffs are open to the possibility of coordinating *Daubert*

motions and are willing to meet and confer prior to the next status conference on the issue of which *Daubert* motions might be filed jointly."). That said, for maximum efficiency, the Court would be inclined to adopt a schedule that (1) is aligned (as much as possible) with the summary judgment briefing schedule; and (2) minimizes the number of briefs filed. To the latter end, the Court would be inclined to require consolidated briefing by Plaintiffs with respect to AXA's experts and a single brief by AXA with respect to any/all of Plaintiffs' experts (with an appropriate enlargement of the page limits for AXA's briefs and, if necessary or appropriate, separate opposition briefing by Plaintiffs).

The parties shall meet and confer and, **within two weeks of the date of this Order**, submit a joint letter indicating their views on the summary judgment briefing schedule proposed above and proposing a *Daubert* motion briefing schedule consistent with the Court's guidance above. If the parties believe that a conference would be helpful to discuss these matters, they should indicate as much in their joint letter. Otherwise, the Court will plan on scheduling a conference when it rules on the pending motion for class certification.

The Clerk of Court is directed to docket this Order in 16-CV-740 (JMF) and all related/member cases.

SO ORDERED.

Dated: January 3, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge