UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                  :

IN RE:                                                                  :

AXA EQUITABLE LIFE INSURANCE COMPANY  :        16-CV-740 (JMF)
COI LITIGATION                                           :
                                                                  :                    <u>ORDER</u>

*This Document Relates to All Actions*                        :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs in this case have moved for class certification with respect to claims arising from alleged breaches of insurance policies and misrepresentations made in connection with those policies. *See* ECF Nos. 352, 353, 355. In particular, they seek to certify a nationwide class and several subclasses — one of which is itself nationwide and the remainder of which, tied to causes of action arising under New York or California law, are limited to residents of one or the other of those states. *See* ECF No. 355.

       "[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). Accordingly, absent class members who later attempt to pursue claims abandoned by the class face a "significant risk[]" of "being told later that they had impermissibly split a single cause of action." *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606 (S.D.N.Y. 1982). In light of the harsh results of claim preclusion, courts closely scrutinize proposed classes that would "split" putative class members' claims. *See, e.g.*, *Nafar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216, 225 (3d Cir. 2009) (vacating and remanding class certification because the district court did not consider the "very important

issue" of claim-splitting and the risks of preclusion "in assessing the adequacy of representation requirement"); *Brewer v. Lynch*, No. 08-CV-1747 (BJR), 2015 WL 13604257, at *10 (D.D.C. Sept. 30, 2015) ("Courts closely scrutinize claim splitting by a class representative and do not permit such a plaintiff to opt to pursue certain claims on a class-wide basis while jeopardizing the class members' ability to subsequently pursue other claims."), *aff'd sub nom. In re Brewer*, 863 F.3d 861 (D.C. Cir. 2017).

Here, Plaintiffs seek to assert certain claims on behalf of class members in California or New York, but they do not assert analogous claims on behalf of class members in other states and territories. That raises the prospect that class certification and a later judgment would preclude absent class members from pursuing any such claims. The parties' briefs on the motion for class certification, however, do not address the issue of claim-splitting at all.

In light of the foregoing, the parties are hereby ORDERED to file, no later than **July 27, 2020**, a memorandum of law not to exceed twenty pages that addresses the issue of claim-splitting and whether or how it affects Plaintiffs' motion for class certification.[1] More specifically, the parties should address the following issues:

- Whether the Court can or should recast Plaintiffs' proposed classes as (1) a class asserting claims arising from the policies themselves (e.g., alleged breaches of contract); and (2) a class asserting claims arising from alleged misrepresentations, both of which would include subclasses (defined, for example, by geography or elder status), as appropriate. In particular, the parties should determine whether redefining the proposed classes would illuminate potential preclusion issues or create case management efficiencies.
- How claim-splitting affects the analysis regarding certification of nationwide classes asserting misrepresentation-related claims and claims relating to breach of contract. The

---

[1] The Court is mindful of the fact that giving only two weeks to submit supplemental briefing on these issues, during the summer no less, is likely to impose burdens on counsel. But resolution of Plaintiffs' motion has already been long delayed — largely due to the COVID-19 pandemic and related burdens on the Court and its staff. And the Court would like the parties' views while the issues are fresh in its mind. Accordingly, the Court will not look with favor on any motion for extension of the July 27, 2020 deadline.

parties should focus on whether asserting certain statutory claims (e.g., for systematic breach of contract and for elder abuse) on behalf of only some class members "advances the named plaintiffs' interests as well as the interests of [all] absent class members." *In re Universal Serv. Fund. Tel. Billing Prac. Litig.*, 219 F.RD. 661, 668-70 (D. Kan. 2004); *see also Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 413 (5th Cir. 2017) ("A class representative's decision to waive unnamed class members' claims will defeat adequacy where the lost value of the waived claims (percent risk of future preclusion multiplied by the value of the waived claim) is greater than the strategic value of the decision to waive."); *Andren v. Alere, Inc.*, No. 15-CV-1255 (GPC) (AGC), 2017 WL 6509550, at *7-12 (S.D. Cal. Dec. 20, 2017) (applying factors set forth in *Slade* and certifying the class after finding that "the value of the waive[d claims] is not great relative to the damages sought").

- Whether or how claim-splitting concerns would affect the analysis if the Court were to find that some, but not all, claims on behalf of putative class members in California and New York are susceptible of class adjudication. *See Brewer*, 2015 WL 13604257, at *10 (finding that proposed class representatives could not obtain class certification by "abandoning" certain claims that they did "not have the right to pursue" on their own behalf, because "[s]uch action would constitute claim splitting").

- Whether the Court can or should reduce claim-splitting concerns by expressly providing that absent class members outside of California and New York are bound by any judgment in this case only with respect to claims and issues actually litigated. *See* Restatement (Second) of Judgments § 26(b) (providing that the rule against claim-splitting does not apply when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action"); *see also In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 115-16 (E.D.N.Y. 2012) ("I hereby expressly reserve the right of the indirect purchasers to maintain their damages claims in subsequent proceedings notwithstanding their participation in the Injunction Class. This, of course, is not a guarantee of what subsequent courts will actually do, but it is sufficient to extinguish defendants' claim-splitting concerns for the purpose of class certification.").

- Whether the Court should certify claim-specific classes pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure. The parties should address not only whether the Court may certify such classes here, but also whether doing so would alleviate issues caused by claim-splitting.

SO ORDERED.

Dated: July 13, 2020
New York, New York

JESSE M. FURMAN
United States District Judge