UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRACH FAMILY FOUNDATION, INC., *et.al*,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>                    Defendant. | ECF CASE<br><br>No. 1:16-cv-00740 (JMF) |

**ORDER APPROVING FORM AND MANNER OF NOTICE
AND MODIFYING CLASS DEFINITION**

1

WHEREAS, on August 13, 2020, the Court certified the breach of contract claim, the New York Insurance Law § 4226 claim, and the New York General Business Law § 349 claim in the above-captioned action to proceed as a class action against Defendant AXA Equitable Life Insurance Company ("AXA Equitable") on behalf of a class consisting of all persons or entities who, on or after March 8, 2016, owned AUL II policies that were issued by AXA Equitable and subjected to the COI rate increase announced by AXA Equitable on or about October 1, 2015 (the "Policy-Based Claims Class"); a class consisting of all persons or entities who, on or after March 8, 2016, owned an AUL II policy without a Lapse Protection Rider and subjected to the COI rate increase announced by AXA Equitable on or about October 1, 2015 (the "Illustration-Based Claims Class"); and a sub-class of all members of the Illustration-Based Claims Class who reside in New York (the "New York Illustration-Based Claims Sub-Class");[1] and appointed Susman Godfrey L.L.P. as class counsel ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g);

WHEREAS, the Court further ordered on August 13, 2020 that within two weeks of the date of the order, Class Counsel "shall file a proposed order . . . prescribing procedures by which class members will be provided notice and an opportunity to opt out of the class," ECF No. 403 at 37;

WHEREAS, pursuant to the August 13, 2020 order and Federal Rule of Civil Procedure 23(c), Class Counsel has moved the Court for an Order approving the proposed form and content

---

[1] Excluded from each class and subclass are Defendant AXA Equitable, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing, and the plaintiffs in other now-pending related actions filed against AXA Equitable in this Court and in New York state court.

of the notices to be disseminated to the Class, as well as the proposed manner for disseminating notices;

WHEREAS, on September 16, 2020, the Court issued an order addressing some of the parties' disputes concerning the timing and form of class notice;

WHEREAS, on September 22, 2020, the Court held a status conference and ordered supplemental briefing concerning whether the definitions of the classes should be modified to include only registered owners of relevant AUL II policies, and on September 29, 2020, the parties submitted such briefing;

WHEREAS, the Court has reviewed the proposed notices submitted by Class Counsel, as well as the accompanying motion, supporting documents, and declarations describing the form and manner of notice, and has considered AXA Equitable's opposition as to the timing and the form of the notice, and the documents submitted in connection with that opposition, and has considered the parties' arguments made at the September 16, 2020 conference and supplemental briefing concerning modifying the class definitions, and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The definition of the Policy-Based Claims Class certified in this Court's order granting class certification, *see* ECF No. 403 at 18, is modified to include only those individuals who are or were registered owners, on or after March 8, 2016, of the AUL II policies described in the class certification order. The definition of the Policy-Based Claims Class is otherwise unchanged.

2. Substantially for the reasons set forth in Class Plaintiffs' September 29, 2020 Letter, *see* ECF No. 443, the Illustrations-Based Claims Class is hereby re-defined as follows:

> All individuals who, on or after March 8, 2016, are or were registered owners of an AUL II policy unaccompanied by a Lapse Protection Rider that was issued by AXA after July 10, 2006 and subjected to the COI rate

increase announced by AXA on or about October 1, 2015, excluding defendant AXA, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing, and the plaintiffs in the Related Actions.

3. The definition of the New York Illustration-Based Claims Sub-Class remains: All members of the Illustrations-based Claims Class who reside in New York.

4. The Court's prior September 16, 2020 order concerning the form and timing of class notice (ECF No. 434) is incorporated by reference here, except that, in light of the re-definition of the Classes and the fact that AXA possesses records of contact information for registered owners, the Court finds that direct-mail notice to registered owners of relevant AUL II policies is sufficient and the best notice practicable under the circumstances. The Court further finds that the notice to any un-registered owners, who are not members of the Classes, is not necessary.

5. The Court approves the form and contents of the Short-Form and Long-Form Notices (collectively, the "Notices") attached as Exhibits B and C, respectively, to Plaintiffs' September 29, 2020 Letter. *See* ECF No. 443. The Notices shall be amended prior to mailing to update the placeholders (identified by brackets) currently in the Notices.

6. The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) because they "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule

23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7. The Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.

8. By no later than ten (10) days after the entry of this Order, AXA Equitable must complete production to Class Counsel of a list of the names and last known addresses of Registered Owners according to AXA Equitable's records as of August 26, 2020 ("Registered Owners") who, on or after March 8, 2016, owned AUL II policies that were issued by AXA Equitable and subject to the COI rate increase announced by AXA Equitable on or about October 1, 2015.

9. Within twenty-one (21) days after the occurrence of the later of (a) receiving a final list of Class Members or (b) the Court's order approving the form and manner of notice (the "Notice Date"), JND shall cause the Short-Form Notice attached as Exhibit B to Plaintiffs' September 29, 2020 Letter, *see* ECF No. 443, to be mailed, by first-class mail, postage prepaid, to all Class Members included on the list of Registered Owners provided by AXA Equitable. Prior to mailing, JND will update the addresses using the National Change of Address database. JND will re-mail any Short-Form Notices returned by the United States Postal Service as undeliverable or with a forwarding address.

10. JND shall simultaneously cause of copy of the Long-Form Notice attached as Exhibit C to Plaintiffs' September 29, 2020 Letter, *see* ECF No. 443, to be posted on the website designed for this lawsuit, from which Class members may download copies of the Long-Form Notice.

11. JND will establish and maintain an automated toll-free number that Class

Members may call to obtain information about the litigation.

12. No later than seven (7) days after mailing the Short-Form Notice to Class Members, JND shall cause the Short-Form Notice to be published once in each of *USA Today*, *The New York Times*, and *The Financial Times*, on different dates, and to be transmitted electronically over the *PR Newswire* Internet wire service.

13. Class Members will be legally bound by all Court orders and judgments made in this class action with respect to the certified claims asserted by Plaintiffs in this lawsuit and will not be able to maintain a separate lawsuit against AXA for the same certified legal claims that are the subject of this lawsuit.

14. Class Members who wish to be excluded from the Class(es) must send a letter to JND requesting exclusion from the *In re: AXA Equitable Life Insurance Company COI Litigation* class action, with his, her, or its name, address, telephone number, email address, signature, AXA Equitable policy number(s) for the AULII insurance policy or policies they own, and the time period for which they claim to have owned the policy or policies. If a nominal owner (such as a securities intermediary or trustee) owns multiple class policies on behalf of different principals, that nominal owner may stay in or opt out of the classes separately for each principal. A Class Member with multiple AXA policies included in the Class(es) or who qualifies as a member of more than one of the Classes may request to exclude some policies while participating in the Class(es) with respect to other policies or other Classes. The exclusion request must be postmarked no later than ninety (90) days after the Notice Date (the "Exclusion Deadline").

15. Class Counsel shall file with the Court proof of mailing of the Short-Form Notice and proof of website posting for the Long-Form Notice within thirty (30) days of the Notice

Date.

16. Summary judgment and *Daubert* briefing shall begin at the conclusion of the opt-out period. AXA shall file any summary judgment motion on the date the opt-out period ends. All other dates and deadline set forth in the Court's Order of January 29, 2020, *see* ECF No. 396, remain in effect.

17. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

DATED:   October 2, 2020
              New York, New York

                                              Jesse M. Furman
                                   UNITED STATES DISTRICT JUDGE