# Milbank

**ROBERT C. HORA**

*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5170
rhora@milbank.com  |  milbank.com

January 27, 2021

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street
New York, NY 10007

      Re:    *Brach Family Foundation, Inc. et al. v. AXA Equitable Life Insurance Co.*, No. 16-cv-740

Dear Judge Furman:

      We represent Defendant AXA Equitable Life Insurance Company ("AXA Eq.") in the above-referenced action. AXA Eq. submits this letter motion to seal three documents that were publicly filed by Plaintiffs in the above-referenced action: (i) ECF Document No. 422-1 (ii) ECF Document No. 422-4 and (iii) ECF Document No. 422-5 (collectively, the "Documents"). Copies of the Documents were previously sealed by the Court, and continued sealing is warranted for the reasons set forth in AXA Eq.'s sealing application with respect to *Brach* Plaintiffs' motion for class certification (ECF Doc. Nos. 408-409), which this Court granted in full. Plaintiffs do not oppose this request.

### Prior Sealing of the Documents

      The Documents consist of two internal AXA Eq. memoranda. Document Number 422-1 is a confidential memorandum reflecting detailed analyses, methodologies, and data supporting AXA Eq.'s decision to increase COI rates for certain AULII policies with issue ages 70 or greater and face amount of $ 1 million or higher. Documents Nos. 422-4 and 422-5 consist of a confidential memoranda (filed as two parts due to file size) that set forth detailed analyses, assumptions, methodologies, and data used in connection with creating AXA Eq.'s proprietary mortality assumptions known as "ELAS 12." The Court sealed copies of the Documents on July 2, 2018, and this Court has repeatedly granted AXA Eq.'s sealing requests related to the ELAS 12 assumptions. *See* ECF Doc. No. 233; ECF Doc. No. 135 at 4-5; ECF Doc. No. 417.

### The Documents Should Remain Sealed

      The Documents were filed on the public docket due to a miscommunication between the Parties about the documents to remain sealed in connection with the Parties' class certification papers and the Court's prior sealing orders. Although the Documents were filed on September

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  BEIJING  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

January 27, 2021                                                                                                                            Page 2

15, 2020, as part of the Plaintiffs' public filing of certain class certification papers, AXA Eq. did not become aware of their public filing until last week. On Friday, January 22, 2021, AXA Eq. requested, pursuant to ECF Rule 21.7, temporary sealing of the Documents pending a formal motion to this Court. *See* Exhibit A (granting the temporary sealing request).

     The Documents should be sealed for the reasons set forth in AXA Eq.'s sealing application previously submitted on August 27, 2020. *See* ECF Doc. Nos. 408-409. As set forth in the Declaration of Andrew Buckley, dated the same day, AXA Eq. used ELAS 12 to create products that AXA Eq. continues to offer for sale and continues to use ELAS 12 for certain in-force products. *See* ECF Doc. No. 409 (Buckley Decl.) ¶¶ 8-16. Documents 422-4 and 422-5 reflect the detailed analyses, assumptions, and methodologies used to create ELAS 12. In addition, key aspects of ELAS 12 are very similar to AXA Eq.'s current mortality assumptions. *Id.* This technical actuarial information would provide substantial commercial advantage to AXA Eq.'s competitors and life settlement investors who are either current or potential policyholders. *Id.* Documents 422-4 and 422-5 were not discussed in the Court's decision on *Brach* Plaintiffs' motion for class certification and, as such, are not judicial documents. Even if they were, this Court has recognized that the "highly sensitive" nature of the ELAS Assumptions overcomes "any presumption in favor of public access." ECF Doc. No. 135 at 4-5. Document Number 422-1 reflects detailed information regarding AXA Eq.'s then-current lapse, premium funding, and investment income assumptions, as well as commercially sensitive mortality experience data. *See* Exhibit B (a highlighted copy of Document Number 422-1 with proposed redactions in green). AXA Eq. used the lapse, premium funding, and investment income assumptions referenced in Document Number 422-1 from 2015 to 2018. *See* Buckley Decl. ¶ 18. Public disclosure would reveal commercially sensitive proprietary information, including assumptions that are very similar to those AXA Eq. uses to price new products and value in-force policies. *Id.* Likewise, AXA Eq.'s experience data in Document Number 422-1 is proprietary and, if disclosed, would give its competitors and secondary market purchasers an informational advantage. *See* Buckley Decl. ¶¶ 11-12, 23. Document Number 422-1 was also not discussed in the Court's decision on the class certification motion.

     In sum, AXA Eq. proposes to seal information that poses a substantial risk of harm if publicly disclosed. Given the information's lack of relevance to the Court's decision on the *Brach* Plaintiffs' motion for class certification, AXA Eq. respectfully submits that the Documents should be sealed.

                                                 Respectfully submitted,
                                               */s/ Robert C. Hora*
                                               Robert C Hora

cc:     All Counsel of Record in *Brach* (via ECF)

> For substantially the reasons that Defendant states in its motion, ECF No. 472, and consistent with the Court's previous Order at ECF No. 417, the Court GRANTS the Application. The application to file Exhibit B to Defendant's motion under seal is also GRANTED. The Clerk of Court is directed to terminate ECF Nos. 472 & 473. SO ORDERED.
>
> January 28, 2021