```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
IN RE:                                                             :
                                                                   :
AXA EQUITABLE LIFE INSURANCE COMPANY                               :      16-CV-740 (JMF)
COI LITIGATION                                                     :
                                                                   :      MEMORANDUM OPINION
This Document Relates to All Actions                               :           AND ORDER
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The parties move for continued sealing and redaction of documents filed in connection with their cross-motions for summary judgment and related motions to exclude the testimony of certain experts, *see* ECF Nos. 602, 607, and 615, and Defendant AXA Equitable Life Insurance Company's ("AXA") motion for reconsideration of a portion of the Court's summary judgment decision, *see* ECF Nos. 620 and 621.[1] Non-party Willis Towers Watson also moves to intervene to seek an order sealing certain documents filed in connection with the parties' cross motions for summary judgment. *See* ECF No. 612.

Upon reviewing their submissions, the proposals of the parties and non-party Willis Towers Watson for continued redactions and sealing are adopted. To begin with, there is no dispute that all of these filings — which were originally submitted in connection with Defendants' motions for summary judgment, and, in some cases, again in connection with AXA's motion for reconsideration — are "judicial documents." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches, under both the common law and the First

---

[1] All references are to the docket in 16-CV-740, unless otherwise stated.

Amendment."). That said, the Court finds, substantially for the reasons that the parties and non-party Willis Towers Watson state, that the proposed redactions are narrowly tailored to the reasons that justify sealing, *see Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

Two final observations are warranted. First, the parties should take note of the Court's Individual Rule 7.A. To the extent the parties' submission include information that may be redacted *without* Court approval, the parties are required to redact that information *before* filing the document, consistent with Rule 7.A. No future motion for sealing and redaction should seek leave to redact a document on the basis that is contains, for example, a social security number, birth date, or other category of information addressed by Rule 7.A. Second, the Court warns LSH Plaintiffs that their motion for sealing and redaction is not in compliance with the Court's Individual Rule 7.C(ii)-(iii). *See* ECF No. 607. The Court would be on firm ground to deny LSH Plaintiffs' motion on that basis alone. LSH Plaintiffs are on notice that any future motion failing to comply with the Court's Individual Rules may be summarily denied on that basis.

The parties shall ensure that, **within one week of today's date**, the docket is consistent with the foregoing. That is, to the extent that a document needs to be unsealed or filed in public view with redactions, the relevant party or parties shall file it in that time or file a letter listing that relevant documents for the Court to endorse directing the Clerk of Court to alter the level of access on ECF. The Clerk of Court is directed to terminate Docket No. 16-CV-740, ECF Nos. 602, 607, 612, 615, 620, and 621, and Docket No. 18-CV-2111, ECF Nos. 274 and 275.

SO ORDERED.

Dated: July 29, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge