UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :

IN RE:                                                 :                  16-CV-740 (JMF)
                                                  :
AXA EQUITABLE LIFE INSURANCE COMPANY    :
COI LITIGATION                                :          MEMORANDUM OPINION
                                                  :                      AND ORDER
*This Document Relates to All Member Cases*      :
                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this litigation, familiarity with which is presumed, life insurance policyholders bring claims against Defendant AXA Equitable Life Insurance Company ("AXA")[1] arising from an increase in the "cost of insurance" or "COI" — a monthly charge deducted from the value of a policyholder's account — on a subset of universal life insurance policies. Over two years ago, the Court granted Plaintiffs' motion for class certification and certified two nationwide classes, a Policy-Based Claims Class and an Illustration-Based Claims Class, as well as a New York Sub-Class of the Illustration-Based Claims Class. *See In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2020 WL 4694172, at *8, *15-16 (S.D.N.Y. Aug. 13, 2020) (ECF No. 403) ("*Class Cert. Op.*").[2] The Illustration-Based Claims Class, as originally certified, was defined as:

> [A]ll individuals who, on or after March 8, 2016, owned an AUL II policy unaccompanied by a Lapse Protection Rider that was issued by AXA and subjected to the COI rate increase announced by AXA on or about October 1,

---

[1]     In January 2020, AXA rebranded itself as "Equitable." *See* Equitable, *Announcing Equitable*, https://equitable.com/news/2020/announcing-equitable-a-new-day-for-160-year-old-financial-services-company. Because the conduct at issue occurred before the rebranding, and for consistency with this Court's prior opinions in this action, the Court will continue to refer to the company as "AXA."

[2]     Unless otherwise stated, all citations are to Docket No. 16-CV-740.

> 2015, excluding defendant AXA, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing, and the plaintiffs in the Related Actions.

*Id.* at *15.  Last year, however, the Court ruled (on AXA's motion for partial reconsideration of a ruling largely denying the parties' cross-motions for summary judgment) that Wells Fargo, the registered owner of many of the life insurance policies at issue, lacks standing to pursue the illustration-based claims.  *See In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2022 WL 3018104, at *2-5 (S.D.N.Y. July 29, 2022) (ECF No. 632) ("*Recon. Op.*").  The Court ordered supplemental briefing on whether, in light of that ruling, the Illustration-Based Claims Class should be decertified or modified.  *See id.* at *5-6.  Plaintiffs argue that the class should be modified to substitute the underlying entitlement holders for the registered owners that are securities intermediaries.  ECF No. 642 ("Pls.' Mem.").  AXA contends that the class must be decertified.  ECF No. 648 ("AXA Mem.").  The Court agrees with Plaintiffs.

Most if not all of AXA's arguments in favor of decertification proceed from a single premise: that, following *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), the class cannot remain certified because at least some of the entitlement holders lack Article III standing.  *See* AXA Mem. 6.  That premise is wrong.  In *TransUnion*, the Supreme Court held that "[e]very class member must have Article III standing *in order to recover* individual damages."  141 S. Ct. at 2208 (emphasis added).  But the Court explicitly declined to "address the distinct question whether every class member must demonstrate standing *before* a court certifies a class."  *Id.* at 2208 n.4.  Thus, *TransUnion* did not alter the well-established law in this Circuit — reaffirmed by the Court of Appeals only a few months ago — that standing in a class action "is satisfied so long as at least one named plaintiff can demonstrate the requisite injury," *Hyland v. Navient Corp.*, 48 F.4th 110, 117 (2d Cir. 2022), and that "each member of a class" need not "submit evidence of personal standing" to certify a class that meets Rule 23's requirements, *Denney v.*

*Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006); *see, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-CV-6950 (AT), 2022 WL 814074, at *19-20 (S.D.N.Y. Mar. 17, 2022) (rejecting the argument that "each class member must demonstrate standing to maintain certification for a Rule 23(b)(3) damages class action" as "foreclosed by the law of the Circuit"), *amended in part on reconsideration*, 2022 WL 3586460 (S.D.N.Y. Aug. 22, 2022); *Nnebe v. Daus*, No. 06-CV-4991 (RJS), 2022 WL 1204700, at *2 (S.D.N.Y. Apr. 22, 2022) (Sullivan, J.) (denying a motion to amend a class definition to exclude class members who may lack standing); *see also, e.g.*, *Falberg v. Goldman Sachs Grp., Inc.*, No. 19-CV-9910 (ER), 2022 WL 538146, at *6 (S.D.N.Y. Feb. 14, 2022) (rejecting the argument that *TransUnion* precluded class certification).

AXA's argument to the contrary also relies on a statement in the Second Circuit's decision in *Denney* (on which the Court admittedly also relied in previously characterizing AXA's arguments in favor of decertification as "forceful," *see Recon. Op.*, 2022 WL 3018104, at *6), to wit that "no class may be certified that contains members lacking Article III standing. . . . The class must therefore be defined in such a way that anyone within it would have standing." *Denney*, 443 F.3d at 264; *see* AXA Mem. 1-2, 4. As Circuit Judge Sullivan recently explained, however, that argument

> fails to account for the surrounding context of that statement. In the very same paragraph, the Second Circuit also explained that "[p]assive members need not make any individual showing of standing, because the standing issue focuses on whether the [named] plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court."

*Nnebe*, 2022 WL 1204700, at *2 n.2 (quoting *Denney*, 443 F.3d at 264); *accord Hyland*, 48 F.4th at 118 n.1 (making the same point and noting that "*Denney* was decided before the Supreme Court in [*Frank v. Gaos*, 139 S. Ct. 1041 (2019),] clarified the minimal requirement for standing in class actions"). In short, as Judge Sullivan reaffirmed, "the possibility that a well-defined class will nonetheless encompass some class members who have suffered no injury . . . is

3

generally unproblematic as the non-injured parties can just be sorted out at the remedies phase of the suit." *Id.* (quoting *Newberg on Class Actions* § 2.3 (5th ed. 2021)).

AXA also argues that a modified Illustration-Based Claims Class would fail the predominance and superiority requirements of Rule 23(b)(3), *see* AXA Mem. 6-7, 13-15, but these arguments are unpersuasive. First, the arguments are based in no small part on the erroneous premise that the Court would have to adjudicate each class member's standing at the outset. *See id.* at 13-14. Second, to the extent that the arguments go beyond standing, AXA provides no reason to revisit the Court's previous finding that any individual inquiries "would pale in comparison to the critical common issues — including whether the illustrations were materially misleading and whether AXA knew they were at the time." *Class Cert. Op.*, 2020 WL 4694172, at *14; *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 91 (2d Cir. 2015) (holding that common issues regarding liability predominated over individualized inquiries into causation and damages); *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 163 (3d Cir. 2002) (holding that individualized inquiries into the class members' knowledge did not defeat predominance given that the critical focus of liability was on the defendants' conduct); *cf. Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 146 (2d Cir. 2015) (holding that individualized inquiries predominated because they went to the heart of the defendants' liability). Substituting the underlying entitlement holders for registered owners may increase the number of class members for whom individualized inquiries are necessary, but the difference would be one of degree, not kind. Even with a modified class, common questions would still "form the crux of the class claims." *Class Cert. Op.*, 2020 WL 4694172, at *14.[3]

---

[3] In passing, AXA argues that the Court must also conduct individual inquiries into "who among the absent class members serves in a custodial capacity." AXA Mem. 13-14. But, as Plaintiffs point out, AXA's argument that there may be class members, other than securities intermediaries, who lack an ownership interest in the insurance policies is "pure speculation."

Finally, to the extent that Rule 17 applies in this setting, the Court concludes that substitution of the underlying entitlement holders for registered owners is permissible under Rule 17(a)(3), which provides for joinder of "the real party in interest." The purpose of this Rule is "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's notes (1966). In the Second Circuit, substitution of a plaintiff is "liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018) (internal quotation marks omitted). More specifically, courts will grant leave to substitute "if (1) the complaint's only pertinent flaw was the identity of the party pursuing those claims. In other words, the proposed amended complaint sought only to substitute one name for another; the factual and legal allegations of the complaint would remain unaltered; (2) there was no indication of bad faith or an effort to deceive or prejudice the defendants and (3) the proposed substitution does not threaten to prejudice the defendants." *Sonterra Cap. Master Fund, Ltd. v. Barclays Bank PLC*, 403 F. Supp. 3d 257, 262 (S.D.N.Y. 2019) (cleaned up); *see Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 391 (2d Cir. 2021) (holding that a court need not permit substitution if "the motion is made in bad faith or in an effort to deceive or prejudice the defendants, or where granting the motion would otherwise result in unfairness to defendants" (internal quotation marks omitted)).

Plaintiffs meet that test. Granted, their previous decision to limit the Illustration-Based Claims Class to registered owners was arguably tactical, *see* AXA Mem. 12; *see also* ECF No.

---

Pls.' Mem. 15. Plaintiffs have identified the owners of the insurance policies at issue, including whether the owners are securities intermediaries or trusts. *See* ECF No. 645. AXA points to no evidence suggesting that there are other types of registered owners who may lack an ownership interest, so this argument does not justify decertification.

443, at 2, but there is no basis to conclude that it was in bad faith or intended to deceive AXA. Plaintiffs possessed a good-faith belief that the registered owners had standing — a belief that the Court itself initially adopted. *See In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2022 WL 976266, at *17 (S.D.N.Y. Mar. 31, 2022) (ECF No. 596); *see also BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067 (KPF), 2017 WL 3610511, at *18 (S.D.N.Y. Aug. 21, 2017).  Thus, Plaintiffs' initial request that the class be limited to registered owners, including securities intermediaries, was an "understandable mistake."  Fed. R. Civ. P. 17 advisory committee's notes (1966).  Nor does — or could — AXA argue that the substance of Plaintiffs' claims will be meaningfully changed with this substitution.  *See* Pls.' Mem. 2; *cf. Cortlandt St. Recovery Corp. v. Hellas Telecommc'ns, S.a.r.l.*, 790 F.3d 411, 423-24 (2d Cir. 2015) (affirming denial of a Rule 17 substitution where allowing the substitution would either have created a fatal jurisdictional defect or would have required a substantive amendment to the complaint).

To be sure, modifying the class definition will require some additional discovery and, to that extent, granting Plaintiffs' request would prejudice AXA.  *See* AXA Mem. 12-13.  But the resulting prejudice would not be enough to warrant the "extreme step" of decertification.  *Woe by Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir. 1984).  In the near term, the discovery required is likely to be limited.  *See* Pls.' Mem. 9-10 (explaining that identifying the entitlement holders may be "a non-burdensome administrative exercise" and, at most, could be accomplished through "appropriately 'tailored' discovery requests").  In the longer term, more substantial discovery — for example, into whether or to what extent the illustrations caused any particular entitlement holder harm — may be required, but, again, the difference is one of degree, not kind. Moreover, such discovery could arguably be deferred until after trial on the common questions,

in no small part because the outcome of such a trial (or a settlement) may moot the need for such discovery altogether.  *See, e.g.*, *Linerboard*, 305 F.3d at 163 ("Many courts faced with similar circumstances have certified class status with the expectation that individual questions concerning fraudulent concealment can be resolved at a later damages phase.").

For the foregoing reasons, AXA's request for decertification is DENIED.  Instead, the Illustration-Based Claims Class is modified to include:

> All individuals who, on or after March 8, 2016, are or were registered owners of an AUL II policy unaccompanied by a Lapse Protection Rider that was issued by AXA after July 10, 2006 and subjected to the COI rate increase announced by AXA on or about October 1, 2015, unless the registered owner of such policy is a securities intermediary, in which case the securities intermediary is not a class member but the entitlement holder with respect to that policy is. This excludes individuals who purchased their policies after the COI rate increase was announced, and defendant AXA, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing, and the plaintiffs in the Related Actions.

Pls.' Mem. 2.  The definition of the New York Illustration-Based Claims Sub-Class can and does remain the same: "all members of the Illustration-based Claims Class who reside in New York."  *Class Cert. Op.*, 2020 WL 4694172, at *15-16.

The parties shall meet and confer and, **within two weeks of the date of this Memorandum Opinion and Order**, file a joint letter addressing (1) what, if any, discovery is needed in light of this ruling and a schedule for such discovery; (2) whether and how to provide renewed notice to the class, *see* Pls.' Mem. 13-14; (3) whether, in light of this ruling, the parties adhere to their previous positions with respect to a trial plan and schedule, *see* ECF Nos. 631, 634; and (4) relatedly, whether trial of the class claims should be bifurcated into liability and remedies phases.  The parties, including the remaining Plaintiffs in the related individual actions, shall then appear on **February 15, 2023, at 12:00 p.m.** for a conference to discuss these and any other relevant issues, including settlement.  Unless and until the Court orders otherwise, the

conference will be held **in person** in **Courtroom 1105** of the **Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007**.

The Clerk of Court is directed to docket this in 16-CV-740, 17-CV-7751, 17-CV-4767, 17-CV-4803, and 18-CV-2111.

SO ORDERED.

Dated: January 17, 2023
      New York, New York

                                                  JESSE M. FURMAN
                                          United States District Judge