**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY COI LITIGATION<br><br><br>[This document relates to *Brach Family Found, Inc., et al. v. AXA Equitable Life Ins. Co.*, No. 16 Civ. 740 (JMF)] | **ECF CASE**<br><br>No. 1:16-cv-00740 (JMF) |

~~**[PROPOSED]**~~ **ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT**

11499068v1/015022

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendant AXA Equitable Life Insurance Company ("AXA" or "Defendant"), as set forth in the Joint Stipulation and Settlement Agreement ("Agreement") that is attached as Exhibit 2 to the Declaration of Seth Ard;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and all papers filed in support of such motion.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Classes based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Classes as set forth in the Agreement and after a hearing on final approval.

3.     The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4.     The Court finds that the proposed plan of allocation, attached as Exhibit 5 to the Declaration of Seth Ard, is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5.     The Court appoints JND Legal Administration LLC ("JND") a competent firm, as the Settlement Administrator. Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Agreement. The Settlement Administrator shall be responsible for receiving requests for exclusion from the Substituted Illustration Class Members.

6.     As of the date hereof, all proceedings in the above-captioned class action shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement. *For avoidance of doubt, this stay does not apply to the related, individual actions.*

7.     Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to Class Members through the Notices, attached as Exhibits B-D to the Declaration of Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), and through the notice program described in described in Section 5 of the Agreement and Paragraphs 18-23 and 34-40 of the Intrepido-Bowden Declaration.  The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Classes and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

8. Upon entry of this Preliminary Approval Order, the parties shall begin implementation of the notice program as outlined in Section 5 of the Agreement and Paragraphs 18-23 and 34-40 of the Intrepido-Bowden Declaration.

9. The Settlement Administrator will run an update of the last known addresses in the Notice List provided by Class Counsel through the National Change of Address database before initially mailing the Class Notice. If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Settlement Administrator will endeavor to re-mail the Class Notice to every person and entity in the Notice List for which it obtains an updated address. If any Class Member is known to be deceased, the Class Notice will be addressed to the deceased Class Member's last known address and "To the Estate of [the deceased Class Member]." The mailing of a Class Notice to a person or entity that is not in the Classes shall not render such person or entity a part of the Classes or otherwise entitle such person to participate in this Settlement.

10. A copy of the Notice shall also be posted on the Internet at the following website address: www.AXACOILitigation.com. Any Court-approved changes to the Agreement, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be deemed due and sufficient notice to Class Members in compliance with Due Process and Rule 23 of the Federal Rules of Civil Procedure.

11. Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective Parties (as identified in the Class Notice) no later than ~~45 calendar days after the Notice Date~~ August 28, 2023. The objection must contain:

11499068v1/015022

(1) the full name, address, telephone number, and email address, if any, of the Class Member; (2) Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a list of all persons who will be called to testify in support of the objection (if any); (6) a statement of whether the Class Member intends to appear at the Fairness Hearing; and (7) the signature of the Class Member or his/her counsel. If an objecting Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Class Member who will appear at the Settlement Hearing. Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

12. The Court hereby finds that the notice of the pendency of a class action, which was approved by this Court on October 2, 2020 (ECF No. 447 at 4 ) and mailed to the members of the Nationwide Policy-Based Claims Class, Nationwide Illustration-Based Claims Class and a New York Illustration-Based Claims Sub-Class certified by the Court (the "Litigation Class Notice") (ECF No. 448), was the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Class Members of those classes of their rights, including their right to opt out of the Classes at that juncture, as set forth in the notice, and fully satisfied the requirements of due process and all other applicable provisions of law.

13. On January 17, 2023, the Court revised the definition of the Nationwide Illustration-Based Claims Class, which also affected the membership of the New York Sub-Class ("Illustration Classes"). ECF No. 667 at 7. For the Illustration Classes, the Court substituted in entitlement holders as class members in place of their securities intermediaries ("Substituted Illustration Class

Members"). *Id*. Because this modification of the class definition occurred after the date on which the prior Litigation Class Notice about this lawsuit was mailed to the Class Members, the Substituted Illustration Class Members did not receive the Litigation Class Notice and were not afforded the opportunity to exclude themselves from the Illustration Classes. The Substituted Illustration Class Members shall be provided with a Special Notice permitting such Class Members an opportunity to opt-out of the Illustration Class. The Court finds that the proposed form of such Special Notice attached as Exhibit C to the Intrepido-Bowden Declaration is appropriate and approves the proposed Special Notice for this purpose.

14. Any Substituted Illustration Class Member that wishes to be excluded from the Illustration Class must submit to the Settlement Administrator a written request for exclusion sent by U.S. mail and postmarked ~~no later than 45 calendar days after the Notice Date~~ **by August 28, 2023.** Exclusion requests must: (i) clearly state that the Class Member desires to be excluded from the Illustration Class for the Settlement; (ii) must identify by policy number the Policy(ies) to be excluded; and (iii) be signed by such person or entity or by a person providing a valid power of attorney to act on behalf of such person or entity.

15. Any Substituted Illustration Class Member who does not submit a timely, written request for exclusion from the Illustration Class shall be bound by all proceedings, orders, and judgments in the Action. A list reflecting all valid requests for exclusion shall be filed with the Court, by Class Counsel, prior to the Fairness Hearing.

16. Other than the Substituted Illustration Class Members receiving the Special Notice, the proposed settlement and this Preliminary Approval Order do not create any additional right on the part of any Class Member to a second opt-out right to exclude themselves from the classes earlier certified in the Action or from the Classes.

11499068v1/015022

17. The Court hereby schedules a Final Fairness Hearing to occur on __October 12__, 2023, at __2:30 p.m.__ before the Honorable Jesse M. Furman in United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 1105, 40 Foley Square, New York, NY 10007, to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23(e)(2); (ii) the class shall remain certified for purposes of judgment on the proposal, (iii) an order approving the Agreement and a Final Judgment should be entered; (iv) an order approving a proposed plan of allocation should be approved; and (v) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and service awards ("Fee and Expense Request") in this matter should be approved.

18. The Court hereby adopts the following schedule for events and Court submissions which must be completed prior to the Fairness hearing. ~~All time periods run from the date of this Preliminary Approval Order:~~

| EVENT | ~~DAYS FROM PRELIMINARY APPROVAL~~ |
|---|---|
| Deadline to send notice to Class Members | ~~21 days~~ July 13, 2023 |
| Deadline to file motion for award of attorneys' fees, expenses and service awards | ~~52 days~~ August 14, 2023 |
| Opt-Out and Objection Deadline | ~~66 days~~ August 28, 2023 |
| Deadline for file Final Approval motion | ~~80 days~~ September 11, 2023 |
| Deadline to file any reply brief in support of any motion | ~~101 days~~ October 2, 2023 |
| Final Approval Hearing | ~~108 days~~ October 12, 2023, at 2:30 p.m. |

19. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is

11499068v1/015022

or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

20. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed, or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Plaintiffs or the Classes lacked merit in any proceeding.

21. If the Settlement or the Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, or if there is no Final Settlement Date, then the parties will be returned to *status quo ante* as of May 16, 2023, as if this Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available to it at that time, except that no Settlement Administration Expenses shall be recouped.

22. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendant will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendant will serve any supplemental CAFA Notice as appropriate.

ENTERED this  22nd  day  of June  of  2023 .

_____
Hon. Jesse M. Furman
UNITED STATES DISTRICT JUDGE

No later than June 26, 2023, the parties shall file their agreement regarding termination of the settlement under seal.  See ECF No. 700, at 20.  In their motion for approval of any service awards, Plaintiffs should address *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 721 (2d Cir. 2023), in which the Second Circuit observed that "[s]ervice awards are likely impermissible under . . . *Trustees v. Greenough*, 105 U.S. 527, 537 (1881)."  Any opposition to a motion for approval shall be filed within 14 days of the motion.  The Clerk of Court is directed to terminate ECF No. 699.

11499068v1/015022