**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE:<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY COI LITIGATION<br><br>[This document relates to *Brach Family Found, Inc., et al. v. AXA Equitable Life Ins. Co.*, No. 16 Civ. 740 (JMF)] | **ECF CASE**<br><br>No. 1:16-cv-00740 (JMF) |
|---|---|

**~~[PROPOSED]~~ FINAL JUDGMENT**

WHEREAS, Plaintiffs Brach Family Foundation, Inc., Mary McDonough, as Trustee of the Currie Children Trust, as individuals and on behalf of the certified Classes in this Action, and Plaintiff Barbara Currie, as personal representative of the estate of Malcolm Currie, entered into a settlement (the "Settlement") with Defendant AXA Equitable Life Insurance Company;

WHEREAS, on June 22, 2023, the Court entered its Order granting preliminary approval of the proposed Settlement ("Preliminary Approval Order") (Dkt. 705). Among other things, the Preliminary Approval Order authorized notice of the Settlement, the fairness hearing, and related matters. Notice was provided to the Classes pursuant to the Preliminary Approval Order, and the Court held a fairness hearing on October 17, 2023 at 2:30 pm;

WHEREAS, on October 17, 2023, the Court entered an Order Approving Class Action Settlement ("Final Approval Order") (Dkt. 734).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (Dkt. 701-2), which is incorporated herein by reference.

2. This Final Judgment shall apply to and bind the Releasing Parties as defined and set forth in Paragraph 1.52 of the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this action and the Releasing Parties are subject to this Court's jurisdiction for purposes of implementing and enforcing the Settlement, bar order, and releases contained herein.

4. This Final Judgment shall operate as a complete and permanent bar order that discharges and releases the Released Claims and Unknown Claims by the Releasing Parties as to all the Releasees. The Released Claims do not include the Excluded Claims.

5. The Releasing Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees of and from all Released Claims including Unknown Claims, which are expressly deemed waived and released by operation of this Final Judgment.

6. The institution, maintenance and prosecution by any of the Releasing Parties, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Releasees in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently and completely barred, enjoined, and restrained.

7. The applicability of this Final Judgment and the bar order and releases contained herein shall not be dependent on a Releasing Party's actual receipt of any settlement proceeds obtained through this Settlement.

8. The Releasees may file the Agreement and/or this Final Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or

reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Within 30 calendar days after the Final Settlement Date, the Settlement Administrator shall calculate each Final Class Member's distribution pursuant to the plan of allocation proposed by Class Counsel and approved by the Court (Dkt. 701-5) and, within 14 days after that, send for delivery by U.S. mail a settlement check in the amount of the share of the Net Settlement Fund to which he/she/it is entitled.

10. The Releasing Parties are permanently barred, enjoined and restrained from making any claims against the Settlement Fund, and all persons, including the Settlement Administrator, Plaintiffs and Class Counsel, Defendant and its Counsel, are released and discharged from any claims arising out of the administration, management or distribution of the Settlement Fund.

11. There is no just reason for delay in directing entry of a Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

12. The Settlement Fund Account is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Settlement Administration Expenses may be paid out of the Settlement Fund as they become due, subject to the terms of the Settlement.

14. Neither the fact nor substance of the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as a presumption, inference or admission of fault, liability, injury or wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

15. The Action is dismissed with prejudice as to Defendant and, except as provided in the Settlement Agreement and the Court's Order Awarding Fees and Expenses (Dkt. 733) and the Final Approval Order (Dkt. 734), without costs to either party.

16. Without affecting the finality of this Final Judgment, the Court specifically retains continuing and exclusive jurisdiction over the enforcement of this Final Judgment and bar order and the enforcement of the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

ENTERED this 25 day of October 2023.

Jesse M. Furman
UNITED STATES DISTRICT JUDGE